

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 12, 1973

Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, 78774

Opinion No. H-126

Re:   Whether House Bill 139,
      63rd Leg., authorizes
      payment of accrued vaca-
      tion pay to an employee
      who separates or is
      separated from state
      employment

Dear Mr. Calvert:

You have requested our opinion concerning the rights of employees separated from state employment to be paid for accrued vacation time, under House Bill 139, of the 63rd Legislature, The General Appropriations Act for fiscal years 1974 and 1975.

Your specific question asks:

"Can this department legally pay an employee for vacation time duly accrued on the date he separates from State employment for any unused vacation entitlement under the current Appropriation Bill?"

Except for Article 6252-8a, V. T. C. S., which applies to vacation time accumulated at the death of a state employee, there is no general law providing for vacation time for all state employees. Article 6252-8, V.T.C.S, gives to hourly employees, continuously employed by the State for 6 months or more, whatever vacation rights may be granted to monthly employees.

Whatever vacation rights do exist are found in Article V of the various appropriation acts. Prior to fiscal 1973, there was no authority for an employee to be paid a lump sum for accrued vacation on the termination of his employment, and it was suggested in Attorney General Opinion M-1075 that "all resignations, dismissals or separations from State employment must be

accomplished effective on a date which will permit the employee to be paid for his accumulated vacation. "

Although that opinion and Attorney General Opinion No. 1252 (1972) as well, speak of the right to accrued vacation time as "vested, " we do not believe it is vested in the usual sense of that word. Rather, we are of the opinion that the right to accrued vacation time is analogous to the right to retirement benefits under one of the several plans authorized by the various legislatures. As to these, the Supreme Court has said:

> "In our opinion, the rule that the right of a pensioner to receive monthly payments from the pension fund after retirement from service, or after his right to participate in the fund has accrued, is predicated upon the anticipated continuance of existing laws, and is subordinate to the right of the Legislature to abolish the pension system, or diminish the accrued benefits of pensioners thereunder, is undoubtedly the sound rule to be adopted. "

City of Dallas v. Trammell, 101 S. W. 2d 1009, 1013 (Tex. 1937); and see Board of Managers of Harris County Hosp. Dist. v. Pension Board, 449 S. W. 2d 33 (Tex. 1970).

The rights of an employee to be paid for accrued vacation time must depend, therefore, upon the state of the law at the time of his separation from state employment. As to persons who die while employed by the State, the rights of their estates are determined by Article 6252-8a, V.T.C.S. On the other hand, except insofar as Article 6813b, V. T. C. S., makes the salary provisions of the biennial appropriations acts the general law, there is no over-all statute providing for vacation time for living employees.

In the Appropriation Act for fiscal 1972 (Senate Bill II, Regular Session, 62nd Legislature), it was provided in Article V, § 7 (p. V-35) that, "No employee of the State shall be granted terminal annual or vacation leave subsequent to the effective day of the employee's resignation, dismissal, or separation from State employment. " Attorney General Opinion

M-1075 (1972) found this language to be unambiguous and suggested, as we have quoted above, that the effective date of the termination be postponed until a time sufficient to include the accrued vacation.

The Appropriation Act for fiscal 1973 (Senate Bill 1, 3rd Called Session, 62nd Legislature), provided in § 7, at p. V-34, "A State employee who resigns, is dismissed, or separates from State employment shall be entitled to be paid for all vacation time duly accrued." (emphasis added) This provision was the subject of Attorney General Opinions M-1252, M-1279, M-1280, M-1281 (1972). . Opinion 1252 held that because of the language, "shall be entitled to be paid," a State employee who was separated and had not been fully paid for all vacation time to which he was entitled, had not been fully paid for all services rendered and was entitled to receive any balance due him upon termination of his employment.

The 63rd Legislature, in the General Appropriations Act for fiscal 1974 and 1975, again rewrote § 7 of Article V and the pertinent language with reference to accrued vacation time is now, "A State employee who resigns, is dismissed, or separated from State employment shall be entitled to all vacation time duly accrued." There is no provision there or elsewhere in the Appropriation Act or the general statutes of the State that an employee, upon separation, shall be paid for accrued time.

In construing the language of Article V, § 7, we are not at liberty to assume that the words "to be paid" were omitted through inadvertance. To the contrary, we must assume that they were intentionally omitted and that something in the history of the application of the 1973 Act caused the Legislature to change its mind.

It is the general rule that your office may not issue warrants for an item for which there has been no appropriation. National Biscuit Co. v. State, 135 S.W. 2d 687 (Tex. 1940); State v. Angelina County, 150 S.W. 2d 379 (Tex. 1941); Bullock v. Calvert, 480 S.W. 2d 367 (Tex. 1972). This is true even though an expenditure may be expressly called for by a general law. See, for instance, Attorney General Opinion C-579 (1966) holding that, even though the general law provided for fees for certain witnesses, in the absence of an appropriation for those fees, they could not be paid.

The Honorable Robert S. Calvert, page 4 (H-126)

As we construe the current wording of § 7, it now provides that an employee is entitled to "time," not to pay, and, in any event, no funds are appropriated to pay a person who is no longer an employee for accrued vacation time.

We are of the opinion, therefore, that the office of the Comptroller of Public Accounts (except in cases of death) may not legally pay an employee, under the current Appropriations Act, for unused vacation time duly accrued on the date he separates from State employment. Apparently the Legislature intended that vacation time be used for vacations, and not to supplement income. The change in the law, as we interpret it, should encourage employees to take their vacations as they accrue. If that is not practical, separation should be effective on a date which will permit the employee to exhaust his accumulated vacation time prior to his separation.

## SUMMARY

There is neither any general law nor any appropriation in the Appropriation Act for 1974-1975 authorizing the payment of money to a state employee who resigns, is dismissed or otherwise separates from State employment (except in cases of death) in lieu of accrued but unused vacation time.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee